UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


DAVID WEST (#116625)

VERSUS                                           CIVIL ACTION

STATE OF LOUISIANA                               NUMBER 13-695-SDD-SCR


### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, April 21, 2014.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


DAVID WEST (#116625)

VERSUS                                         CIVIL ACTION

STATE OF LOUISIANA                             NUMBER 13-695-SDD-SCR


**MAGISTRATE JUDGE'S REPORT**

Plaintiff was ordered to show cause why his complaint should not be dismissed for failure to pay the court's filing fee. Record document number 4.

Pro se plaintiff, an inmate at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the State of Louisiana. In 1991, the plaintiff was convicted of second degree murder in Orleans Parish, Louisiana. Plaintiff alleged that the grand jury proceedings in his state criminal case were unconstitutional because the proceedings were conducted pursuant to certain local Orleans Parish laws that were subsequently declared unconstitutional under the Louisiana Constitution by the Louisiana Supreme Court in *State v. Dilosa*, 848 So.2d 546, 548 (La. 2003).

On October 31, 2013, the plaintiff was ordered to pay an initial partial filing fee in the amount of $34.36 within 20 days.[1] Plaintiff was placed on notice that it was his responsibility to

---

[1] Record document number 3.

pay the initial partial filing fee.

On December 3, 2013, the plaintiff was ordered to show cause on December 20, 2013, why his complaint should not be dismissed for failure to pay the initial partial filing fee.  In addition to filing a written response, the plaintiff was ordered to file copies of his inmate account statements for the months of October, November and December 2013.  Plaintiff was placed on notice that the failure to respond to the order and to file the monthly statements may result in the dismissal of his complaint.

In his response[2], the plaintiff asserted that he had sufficient funds to pay the initial partial filing fee as demonstrated by the inmate account statements[3] attached to his response.  Plaintiff argued that he submitted a completed withdrawal form to prison officials but that prison officials stamped the form "NSF" indicating that he had insufficient funds in his account to pay the initial partial filing fee.  Plaintiff attached a copy of the Offender Funds Withdrawal Request form as Exhibit B to his response.[4]

A review of the inmate account statements showed that at the time the plaintiff submitted the Offender Funds Withdrawal Request form, the plaintiff had more than $170.00 in his **savings account**

---

[2] Record document number 5.

[3] Record document number 5-1, pp. 3-4.

[4] Record document number 5-1, p. 2.

and approximately $5.00 in his **drawing account**. This is significant because when the plaintiff completed his Offender Funds Withdrawal Request form, he instructed prison officials to remove the funds from his **drawing account**, an account which clearly lacked sufficient funds to cover the cost of the initial partial filing fee in the amount of $34.36. Not surprisingly, prison officials returned the Offender Funds Withdrawal Request form with a "NSF" notation. Plaintiff did not allege, nor is there any evidence in the record, that the plaintiff submitted either a new or a corrected Offender Funds Withdrawal Request form instructing prison officials to remove the funds from his savings account, the account which contained sufficient funds to pay the initial partial filing fee.

Because the plaintiff failed to pay the court's initial partial filing fee, the complaint should be dismissed without prejudice.[5]

### RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed without prejudice for failure to

---

[5] Although this report recommends that the complaint be dismissed without prejudice, there is no practical difference between a with prejudice and a without prejudice dismissal. This case does not involve a timely filed claim which would be untimely if it is reasserted in a new complaint. It is apparent on the face of the complaint that the claim waw already prescribed when the complaint was filed.

pay the court's filing fee.

Baton Rouge, Louisiana, April 21, 2014.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

4